**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **QINGHUI WANG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALBERTO GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; MICHAEL JAROMIN, District Director, USCIS; MICHELLE PERRY, Field Office Director, USCIS; EMILIO GONZALEZ, Director, USCIS; ROBERT S. MUELLER, III, Director, Federal Bureau of Investigations (FBI),**<br><br>**Defendants.** | **)** | **Case No. 07-02272-JWL-DJW** |

**MEMORANDUM & ORDER**

## I. FACTUAL BACKGROUND

Plaintiff, Qinghui Wang, is a native and citizen of China. He received his Permanent Resident Status on April 17, 2001, as a result of his status as a member of a profession holding advanced degrees or persons of exceptional ability. Mr. Wang then filed an Application for Naturalization, Form N-400, on or about January 24, 2006. He was interviewed by USCIS May 8, 2006. Mr. Wang is still awaiting a decision on his application. Defendants' reason given for

the delay is the FBI name check is still pending, and a final determination by USCIS on Mr. Wang's application cannot be made until it is received.

## II. PROCEDURAL BACKGROUND

Mr. Wang filed a Complaint (doc. 1), asking the court to assume jurisdiction over the case and naturalize the Plaintiff under the terms of 8 USC § 1447(b), compel Defendants and those acting under them to perform their duty to adjudicate the application, or grant such other and further relief as this court deems proper. Mr. Wang commenced the action against Alberto Gonzales, the former Attorney General of the United States; Robert S. Mueller, III, the Director of the FBI; Michael Chertoff, the Secretary of the Department of Homeland Security; Emilio Gonzalez, the Director of CIS; Michael Jaromin, Director of District 16 of USCIS; and Michelle Perry, the Director of the Kansas City Office of USCIS.

Defendants responded in an Answer to Plaintiff's Complaint. (doc. 8) They denied that the court had jurisdiction over the case because the mandatory criminal and national security background check had not been completed, so the 120 day period of 8 U.S.C. § 1447(b) had not been triggered. USCIS also denied that it unreasonably failed to perform the duty of adjudicating Mr. Wang's application and that Mr. Wang had exhausted his administrative remedies.

Defendants then filed the motion currently before the court, a Motion to Remand to Defendant USCIS Pursuant to 8 U.S.C. § 1447(b) and to Dismiss the FBI as a Defendant. (doc. 10) Defendants asked this court to remand the matter back to USCIS for expeditious adjudication of the application once the FBI name check is completed. It further requested the court to dismiss the FBI as a defendant because the court lacks jurisdiction over it and has no

statutory authority upon which the court can compel the FBI to perform a name check. Mr. Wang responded that this court can adjudicate the application, remand to USCIS with instructions to approve the application, and that the court has jurisdiction to compel the FBI to act. For the reasons set forth below, this court GRANTS Defendants' Motion, remands the case to USCIS with instructions, and dismisses Robert S. Mueller, III, the Director of the FBI, as a defendant.

## III. ANALYSIS

### 1. This court will not make a citizenship determination before information from the FBI's investigative process is known.

This court has jurisdiction to conduct a hearing and make a decision on Mr. Wang's application pursuant to 8 U.S.C. § 1447(b), but it does not find that relief appropriate in this case. The background check is statutorily required but has not been completed. *See* 8 U.S.C. § 1446(a) ("Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person. . ."). "This Court is not equipped to conduct such a check and to adjudicate the application without this integral component would be contrary to law." *Abukwaik v. Keisler*, 2007 WL 3145955 (D. N.J. Oct. 24, 2007). Also, Mr. Wang has not alleged any abuse of the process by USCIS besides mere delay. The court finds that "when delay processing the background check is the only cause for failure to issue a determination, deference should be given to the expertise of USCIS." *Mohammed v. Gonzalez*, 2007 WL 4224046 (D. Idaho Nov. 27, 2007), citing *Ghazal v. Gonzales*, 2007 WL 1971944, *3 (S.D. Cal. June 14, 2007) ("When the delay in the decision results from the FBI's investigative process, this court finds it is inappropriate to make a citizenship determination before that information is known, absent abusive or egregious circumstances not present on this record.... To do otherwise, 'we would be improvidently bypassing the agency's expertise in immigration matters committed in the first instance to the agency.'").

### 2. This court does not have jurisdiction over the FBI to compel it to complete background checks in connection with naturalization applications.

#### a. The court does not have jurisdiction over the FBI based upon the ultra vires doctrine.

Mr. Wang argues that because 8 C.F.R. § 335 only mentions the words "criminal background check" instead of "name check," the FBI's name check program has expanded the

scope of the law, which is ultra vires and unconstitutional. Furthermore, as a result of this "ultra vires" act, Mr. Wang asserts that this Court has authority to exercise jurisdiction over the FBI.

This court disagrees with Mr. Wang. The FBI has the power to conduct criminal background checks pursuant to 8 C.F.R. § 335.[1] As demonstrated by Defendants, courts have continuously found that the FBI name check is either synonymous with the FBI criminal background check or is part of it. *See, e.g., Morral v. Gonzales*, 2007 WL 4233069, *1, n.2 (D. Minn. Nov. 28, 2007) ("8 C.F.R. § 335 sets forth a multiple-step background-check process for naturalization applicants, of which the FBI name check is but one step."); *Stepchuk v. Gonzales*, 2007 WL 185013, *2 (W.D. Wash. Jan. 18, 2007) ("The FBI's name check may be considered a part of the requirement for a 'full criminal background check.'"); *Shalabi v. Gonzales*, 2006 WL 3032413, *2 (E.D. Mo. 2006 Oct. 23, 2006)("Because § 335.2(b) uses the term includes to define a background check, the conditions that follow that term are not exhaustive. A 'name check' may certainly be read into the requirement of a full criminal background check.")

---

[1] (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:

> (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
> (2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or
> (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

Because the court does not find that including a name check as part of the background check is ultra vires, this is not a basis for this court to compel the FBI to act.

**b. The court cannot compel the FBI to act pursuant to 8 U.S.C. § 1447(b).**

Title 8, section 1447(b), United States Code provides that:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to *the Service* to determine the matter.

(Emphasis added). "[S]ection 1446" refers to a determination made by an employee of the Service, and "the Service" is the Immigration and Naturalization Service. 8 U.S.C. § 1101(a)(34). "[I]n 2002, Congress abolished the Immigration and Naturalization Service and reassigned its duties with regard to naturalization applications to USCIS." *Khdir v. Gonzales*, 2007 WL 3308001, *2 (D. Colo. Nov. 6, 2007). By the statutory language, district courts can remand the matter and instruct one agency, USCIS, under this statutory authority. There is no express authority to compel the FBI to conduct its background checks within a specified timeframe. This court also finds no basis to read into the statute an implied authority to compel any agency's action, other than USCIS. *See Khadir*, 2007 WL 3308001.[2]

**c. The court cannot compel the FBI to act under the APA or through mandamus relief.**

---

[2] This situation only arises as a result of USCIS's violation of its regulation, that is, that USCIS conducted the examination before receiving the background check results. Congress did not contemplate this situation, and the statute does not create a remedy to compel the FBI to act. 8 C.F.R. § 335.2 ("The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application *only after* the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." (emphasis added)). *See also Khadir*, 2007 WL 3308001 ("Under the regulatory scheme, there should never be a situation where an applicant's rights to an immediate adjudication under § 1447(b) arise before the FBI has completed its work. . . . "[S]uch a mistake by the USCIS should not be used by the Petitioner as a tool to crack open the regulatory scheme even further and create a remedy that is contemplated neither by statute or regulation."). Also, Defendants explained in their Motion that "due to ongoing delays in the FBI name check completions for some applicants, and the mushrooming litigation under 8 U.S.C. § 1447(b), USCIS stopped interviewing prior to FBI name check completions on May 26, 2006, for purposes of judicial economy." Motion, at 6, n.2.

In deciding this issue, this court finds compelling the reasoning of *Antonishin v. Keisler*, 2007 WL 2788841, *5 (N.D. Ill. Sept. 20, 2007). The *Keisler* court analyzed the APA and mandamus as bases for claims against the FBI to expedite a name check. It concluded the FBI had no mandatory duty in connection with a naturalization application. "There is no statute or regulation that expressly imposes a mandatory duty on the FBI to perform background checks. . . . Claims against the FBI in connection with naturalization applications are arguably on a different footing." *Id.* The court recognized that the Department of Justice Appropriations Act of 1998 prevented any funds from being utilized by INS to complete the adjudication of an application for naturalization unless the INS "has received confirmation from the [FBI] that a full criminal background check had been completed." *See id.* at *6. At least one other district court used this as a basis to impose, by implication, a duty on the FBI to complete background checks. *See, e.g.*, *Kaplan v. Chertoff*, 481 F.Supp.2d 370 (E.D. Pa. Mar. 29, 2007). However, this court agrees with the reasoning of *Keisler* that the FBI has no express mandatory duty, and the court should not "infer such a duty based on an appropriations measure directed to a different agency[, USCIS]." *See Keisler*, 2007 WL 2788841, at *6.

Similarly, because the FBI has no "plainly defined and peremptory duty to do the act in question," which is an element necessary to invoke the mandamus remedy, that remedy is also inappropriate. *See id.* at *7. Because there is no basis to exercise jurisdiction over the FBI in connection with this naturalization application, ROBERT S. MUELLER, III, Director, Federal Bureau of Investigations (FBI), is dismissed as a defendant.

**3. The case is remanded with instructions to USCIS.**

"USCIS has no duty to adjudicate a naturalization application before receiving a definitive response from the FBI that the applicant's background check is complete. Indeed it is prohibited from doing so." *See id*. at *5, citing Department of Justice Appropriations Act of 1998, Pub.L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat 2448; 8 C.F.R. § 335.2(b). While 8 U.S.C. § 1447 gives this court jurisdiction and authorizes the district court to order USCIS to request expedited name checks from the FBI,[3] the court does not find that appropriate here. The court does not find that "this expectation compels the agency to request expedition when[ever] a name check has been pending" longer than the statutory time period. *See id.* at *5. "Accordingly we decline to rewrite USCIS's expedition policy." *Id.*[4]

Mr. Wang has shown no exceptional circumstances that would qualify under USCIS's policy. The court also acknowledges that the FBI has experienced exponential growth in the number of name check requests, as well as the other time consuming processes required for name checks, and that the FBI is performing Mr. Wang's check in accordance with their standard procedures. *See* Cannon Decl., ¶¶ 19-28, 39.

---

[3] USCIS maintains a policy whereby it may request that the FBI expedite a particular name check if certain criteria are met. "The general exception to the first-in, first-served policy exists when USCIS directs that a name check be handled on an 'expedited' basis. USCIS determines which name checks are to be expedited based on criteria it determines." Cannon Decl., ¶ 18.

[4] "In deciding whether to request an expedited name check, USCIS may consider, among other criteria, '[m]ilitary deployment' and 'critical medical conditions.' *See* USCIS Clarifies Criteria to Expedite FBI Name Check, available at http://www.uscis.gov/files/pressrelease/ExpediteNameChk022007.pdf. On February 20, 2007, USCIS discontinued its policy of requesting expedited name checks whenever an applicant filed a federal lawsuit. *Id.* Without expressing an opinion about whether that criterion was appropriate, we note that it is no longer a basis for challenging USCIS's policy." *Keisler*, 2007 WL 2788841, at *5, n.6

While not instructing USCIS to request an expedited name check from the FBI for Mr. Wang, the court does instruct USCIS to make a final determination on Mr. Wang's application as expeditiously as possible, and no later than 60 days, after receipt of the FBI criminal background investigation/name check results. If Mr. Wang's Application has not been finalized 180 days from the date of this Memorandum and Order, he again may bring his claim before this court for review.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Remand to Defendant USCIS Pursuant to 8 U.S.C. § 1447(b) and to Dismiss the FBI as a Defendant (doc. 10) is **GRANTED**. This court **REMANDS** the matter to USCIS for a final determination on Mr. Wang's application within 60 days after receipt of the FBI criminal background investigation/name check results. This court also **DISMISSES** ROBERT S. MUELLER, III, Director, Federal Bureau of Investigations (FBI), as a defendant.

**IT IS SO ORDERED**.

Dated this 2nd day of January, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge